For plaintiff: Max Winograd.

For defendant: Charles A. Kiernan.

---

Arduino Sormanti, et al.
vs.                            Eq. No. 10583.
Vito Valentino, et al.

### DECISION.

February 15, 1932.

WALSH, J.  Heard on bill, answer and proof.

This is a bill seeking to have delivered up for cancellation a certain note for $4,500 made by Arduino Sormanti and endorsed by a number of his relatives and friends for his accommodation, payable to his brother, Giovanni Sormanti, and transferred to Vito Valentino, one of the respondents. The bill further asks the Court to restrain the prosecution of a suit at law based upon this note, now pending in the Superior Court for the Counties of Providence and Bristol, wherein said Vito Valentino is plaintiff and some of the petitioners are named defendants.

The facts that are agreed upon are as follows: that in the spring of 1929 Arduino Sormanti was in financial difficulties; that he owed various people and four loan companies in excess of $4,300, which he was unable to pay; that the respondent, Giovanni Sormanti, a money lender and brother of Arduino, was endorser on some of these obligations; that Luigi Conte, a mutual friend of the family, talked with all the parties in interest and, as a result, an agreement was made whereby a new note for $4,500 was to be made by Arduino and was to be endorsed by all the former endorsers of the original notes and was to be made payable to Giovanni Sormanti; that upon delivery of this note to Giovanni Sormanti, he was to furnish the money to pay off a list of the old obligations of Arduino.  The new note for $4,500 was executed, endorsed as agreed, and delivered to Giovanni Sormanti on or about March 15, 1929.  Giovanni Sormanti, after receipt of the new note, paid out about $3,300 to satisfy some of the old obligations of his brother Arduino.

There are three major facts in dispute:

First: Is Valentino a holder in due course for value and without notice of the equities of the parties?

Second: Did Giovanni Sormanti perform all his agreements in reference to payments to be made by him in connection with the delivery of the $4,500 note to him?

Third: Was the payment to Giovanni Sormanti on account of bonus and interest in re the $4,500 note usurious?

The suit on the law side of the Court can take adequate care of all the contentions made by the parties in this cause, provided proper pleadings therein are filed.  The testimony discloses at least part performance of his contract by Giovanni Sormanti.  There has been no offer by respondents to return the consideration already paid by Giovanni Sormanti.  The facts in dispute can be settled easily by a jury.

Upon all the evidence, we are

obliged to conclude that no sufficient ground for the intervention of a court of equity has been shown and that the parties have a complete and adequate remedy at law.

Bill of complaint denied and dismissed.

For complainants: Benjamin Cianciarulo.

For respondents: Florie De Simone, Pettine, Godfrey & Cambio.